IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

MARC CORRERA,                    )
                                 )
            Plaintiff,            )
                                 )
     v.                          )     No.  10 C 1048
                                 )
TAG ASSOCIATES LLC,              )
                                 )
            Defendant.           )

                   MEMORANDUM OPINION AND ORDER

     During this morning's in-court proceeding, this Court had before it three motions that defendant TAG Associates LLC ("TAG") had noticed up for presentment today:

     1.  TAG's Fed. R. Civ. P. ("Rule") 12(b)(2) motion to dismiss the Marc Correra ("Correra") Complaint for lack of personal jurisdiction;

     2.  TAG's Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim; and

     3.  TAG's motion to stay discovery.[1]

Correra's counsel had responded to those motions solely with an opposition to the third of them--the stay-of-discovery motion.

     This Court's analysis of the Complaint and of the TAG motions had disclosed fatal flaws in Correra's theories of recovery that impacted on both the jurisdictional issue and the

---

[1] Each of the first two motions was accompanied by a thorough and well-presented supporting memorandum of law.  Each of the three motions included a table of unreported caselaw authorities.

substantive viability of Correra's claim.  At the core of Correra's difficulty was his counsel's unsupportable position, made clear in the opening <u>Introduction</u> to the Complaint and reinforced in the Complaint's allegations, that Correra was the intended third party beneficiary of the June 6, 2008 Referral Agreement ("Agreement") between TAG and Cabrera Capital Markets, Inc. ("Cabrera"), a company with which Correra had formerly been associated and that remained committed to pay him for prior services out of fees that Cabrera expected to receive from TAG.

In fact, however, the Agreement had two provisions that expressly put the lie to that notion of an intended third-party-beneficiary status.  Here are Agreement ¶¶VII.H and VII.D:

> H.  This Agreement is for the sole benefit of the parties hereto, their respective successors and permitted assigns, and no other person or entity shall be entitled to rely upon or receive any benefit from this Agreement or any term hereof.
>
> \*     \*     \*
>
> D.  This Agreement contains the entire agreement between the parties, and all prior agreements, whether oral or written, are merged herein.  This Agreement may not be amended, altered or changed in any way except by a writing executed by both of the parties hereto.

During this morning's session this Court explained orally and at length why Correra's counsel were wrong as a matter of law under the circumstances, and why their mistaken third-party-beneficiary contention gained no traction from two contemporaneous June 6, 2010 letters between TAG and Cabrera on

2

which Correra sought to rely. That defect torpedoed Correra's effort to hale TAG into court here because the facts alleged in the Complaint,[2] coupled with facts supplied by TAG in conjunction with its Rule 12(b)(2) motion, conclusively established the absence of specific as well as general jurisdiction over TAG in this Illinois-based lawsuit.[3]

Correra's attempted fallback effort, in which he seeks to invoke what the Complaint Introduction labels "the equitable doctrines of unjust enrichment and quantum meruit," fares no better in terms of establishing personal jurisdiction over TAG. Although that effort also appears defective in substantive terms, it is unnecessary to deal in those terms given the clear absence of in-personam jurisdiction.

In summary, Correra has essentially pleaded himself out of court. And because his counsel was unable, in response to this Court's inquiry, to suggest any potential discovery that could undercut the flat-out prohibition contained in the Agreement, Correra's opposition to the stay-of-discovery motion also falls flat.

---

[2] Both the Agreement and the two letters had been made exhibits to the Complaint.

[3] Interestingly that deficiency also supported TAG's Rule 12(b)(6) motion. But both because the existence or absence of in personam jurisdiction is a threshold issue and because resolving the case in those terms obviates the need to rule definitively on the added flaw next mentioned in the text, dismissal here is pegged to the jurisdictional defect.

Accordingly, for the reasons stated at greater length in this Court's oral ruling and supplemented by the summary in this memorandum opinion and order:

1. TAG's Rule 12(b)(2) motion is granted.

2. TAG's Rule 12(b)(6) motion is denied as moot.

3. TAG's motion to stay discovery is granted because no potential discovery has been identified that would alter the result here.

Both the Complaint and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 20, 2010